69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto Guillermo TELLEZ-SOLIS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70623.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1995.*
Decided Sept. 20, 1995.
 
 1
 Before: HALL, WIGGINS, LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Roberto Guillermo Tellez-Solis, a native and citizen of Nicaragua, conceded that he was deportable under 8 U.S.C. Sec. 1251(a)(2) (1988) (now renumbered as 8 U.S.C. Sec. 1251(a)(1)(B)) because he entered the United States without inspection. Tellez-Solis' requests for asylum under 8 U.S.C. Sec. 1158(a) and for withholding of deportation under 8 U.S.C. Sec. 1253(h) were denied by an immigration judge ("IJ").
 
 
 4
 Tellez-Solis, represented by counsel, appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), using the INS's notice of appeal form ("Form EOIR-26"). Tellez-Solis specified on Form EOIR-26 the grounds for his appeal:
 
 
 5
 IJ abused his discretion in denying respondent political asylum. Respondent's credibility was not challenged by IJ and his testimony presented a well-founded fear of persecution by the Sandinista government against respondent because of his political opinion.
 
 
 6
 Tellez-Solis also indicated on the form that he would file a separate written brief or statement. He never did so.
 
 
 7
 The BIA summarily dismissed Tellez-Solis' appeal, pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i) (1990), finding that Tellez-Solis had failed to specify sufficiently on Form EOIR-26 the reasons for his appeal. Tellez-Solis argues that the BIA erred by summarily dismissing his appeal for lack of specificity and that the BIA's summary dismissal procedures violated his right to due process.
 
 
 8
 We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a. For the reasons stated in Castillo-Manzanarez v. INS, No. 94-70606, slip op. 11455 (9th Cir. Sept. 12, 1995), we reverse.
 
 
 9
 * We reject Tellez-Solis' contention that he adequately specified his grounds for appeal on Form EOIR-26. As we recently noted in Castillo-Manzanarez, this court has previously approved the "strict specificity requirement" that the BIA has imposed, pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A), for notices of appeal. Slip op. at 11459-60. In Castillo-Manzanarez, we agreed with the BIA that the petitioner's statement of his reasons for appeal was not sufficiently specific. Id. at 11460. Tellez-Solis' statement is even less specific. Accordingly, we reject his first argument.
 
 II
 
 10
 We find merit to Tellez-Solis' due process challenge, however. Like the petitioner in Castillo-Manzanarez, Tellez-Solis did not receive notice, other than via the BIA's notice of appeal form itself, of the BIA's strict specificity requirements. He was required to use the same forms and adhere to the same strict specificity standard as was Castillo-Manzanarez. We thus conclude that Tellez-Solis' case, like Castillo-Manzanarez's, is governed by Padilla-Agustin v. INS, 21 F.3d 970 (9th Cir.1994). For the reasons stated in Castillo-Manzanarez, slip op. at 11460-63, we hold that the BIA's summary dismissal of Tellez-Solis' appeal violated his due process rights.[1]
 
 III
 
 11
 The petition for review of the BIA's decision to dismiss is GRANTED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We leave it to the BIA to consider the merits of Tellez-Solis' contention that the IJ improperly denied his requests for asylum and withholding of deportation. See Castillo-Manzanarez, slip op. at 11463 n. 6